BENJAMIN B. WAGNER
United States Attorney
MARK J. MCKEON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721

Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
 United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK CHARLES DEVRIES,<br><br>        Defendant. | CASE NO. 1:06-CR-00153-LJO<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S PRO-SE MOTION TO TERMINATE SUPERVISED RELEASE TERM |

On August 28, 2014, the defendant filed a pro se motion to terminate his term of supervised release imposed by Judge Oliver Wanger on August 5, 2011. The defendant was sentenced to 27 months in custody, and a 36-month term of supervised release. According to the motion, defendant began serving his term of supervised release on August 28, 2013. The defendant argues that he has faithfully been paying his restitution in the amount of $100/month, and there is no reason to continue his supervised release beyond the one-year he has already served.

The government opposes this motion. In addition to the defendant's sentence of imprisonment, he was ordered to pay $84,648.00 in restitution, a fine of $7,500, and a $300 special assessment, for a total obligation of $92,448. According to the government's records, the defendant has made 9 payments

of $25 each through the inmate payment system ($225); and 11 payments of $100 each since he commenced supervision ($1,100). Thus, to date the defendant has paid his special assessment ($300); paid a small fraction of his restitution obligation ($1,025); and has not paid a penny towards his fine. His current obligation is approximately $91,123.

The defendant was given a 3-year term of supervised release, the maximum allowed under the statute. Based on the circumstances of the offense, the court imposed additional conditions entailing financial disclosure, financial restrictions, and an order that he not dissipate his property. He was also ordered to cooperate with the IRS in the determination and payment of any taxes, interest and penalties which may be owing. The court also imposed a special condition allowing warrantless searches.

The reasons for imposing a 3-year term of supervised release still exist. The defendant has only paid a small fraction of the amount he owes. There still exists a need to keep the defendant under supervision to ensure that he manages his finances in a way that would permit him to continue making payments towards the unpaid restitution and fine.

Dated: September 3, 2014                     BENJAMIN B. WAGNER
                                             United States Attorney

                                     By:     /s/ Mark J. McKeon
                                             MARK J. MCKEON
                                             Assistant U.S. Attorney

Opposition to Motion to Terminate Supervised            2
Release Term